CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 2 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CARROLL E. WADE, | ) | Civil Action No. 7:11-cv-00071 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STANLEY K. YOUNG, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Carroll E. Wade, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Warden of Pocahontas Correctional Center ("PCC"), a PCC disciplinary hearing officer, a PCC treatment program supervisor, and a PCC housing unit sergeant and manager. This matter is presently before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice as frivolous.

I.

Plaintiff alleges that the defendants violated due process by charging him with institutional infractions, coercing his guilty-plea, and affirming the institutional conviction via the institutional appeal and grievance system. In March 2010, PCC staff charged and convicted plaintiff with "being in an unauthorized area" and ordered him to twenty-five days cell restriction. Plaintiff wanted to grieve the situation and requested an informal complaint, but an officer would not give him one although a white inmate received a form. Plaintiff filed emergency grievances against the staff for their alleged "discrimination." After plaintiff's twenty-five day penalty became effective, staff brought plaintiff a "job suspension and termination" form, but he refused to sign it.

In May 2010, PCC staff charged plaintiff and his cellmate with "Failure to Follow or Interfering with Institutional Count Procedures." Staff subsequently withdrew the charge against plaintiff's cellmate, but plaintiff accepted a guilty-plea offer and received a $12 fine. Plaintiff's subsequent appeal of his institutional conviction was denied because he pleaded guilty. Plaintiff believes that he received the charge and $12 fine because he complained about the staff who delayed his receipt of his last prison-job paycheck. Plaintiff requests as relief unspecified nominal, compensatory and punitive damages. Plaintiff does not allege that any disciplinary conviction has been invalidated in any way.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, "civil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375. Therefore, the court must consider whether a judgment in favor of the plaintiff in this suit would necessarily imply the invalidity of his institutional conviction or sentence; if it would, the court must dismiss the complaint unless the plaintiff can demonstrate that the institutional conviction or sentence has already been favorably invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Edwards v. Balisok, 520 U.S. 641 (1997) (holding Heck applies to a suit for damages that alleged constitutional flaws in prison disciplinary procedures resulting in loss of liberty or property interest). Favorable invalidation occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id.

Success on plaintiff's claims clearly would imply the invalidity of his current confinement because he essentially argues legal innocence of the acts for which the defendants participated in his institutional conviction: if it were not for the defendants' acts depriving him of his constitutional rights, plaintiff would not have been convicted of the institutional infraction. Plaintiff cannot prove favorable termination because he is still convicted and the institutional

3

infractions have never been invalidated.[1] See Stone-Bey v. Barnes, 120 F.3d 718, 721 (7th Cir. 1997) ("The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the Plaintiff's [§] 1983 claim necessarily would imply the invalidity of that finding, then Heck bars the claim until such time as its requirements are satisfied"). Therefore, plaintiff pursues a meritless legal theory to attack his institutional conviction via a civil rights action without establishing any favorable termination. Furthermore, plaintiff's complaint that staff violated his constitutional rights by not promptly giving him an informal complaint form is without merit, especially since plaintiff ultimately exhausted his administrative remedies about his allegations. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Accordingly, the court dismisses the complaint without prejudice as frivolous.[2] See Omar v. Chasanow, 318 F. App'x 188, 189 (4th Cir. 2009) (per curiam)

---

[1] Plaintiff does not allege that habeas remedies are not available to him.

[2] Moreover, inmates do not have a constitutional right to job opportunities while incarcerated. See, e.g., Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980). Because inmates have no independent constitutional right to a prison job, prison officials may generally terminate an inmate from his job for any reason without offending federal due process principles. Courts of Appeals consistently hold that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest. Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995). See, e.g., Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (stating that assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (holding that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection). Although plaintiff complains about losing his prison job, he claims an infringement of a legal interest which clearly does not exist.

Plaintiff also failed to adequately articulate how the Equal Protection Clause is implicated, much less violated, by the described events. Plaintiff does not couple his equal protection claims, as he must, with facts which indicate that he and a comparator inmate were treated differently and were similarly situated and that the different treatment was the result of intentional discrimination. See Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265 (1977). Plaintiff and plaintiff's cellmate are clearly not adequate comparisons because plaintiff accepted the guilty plea offer while his cellmate did not.

(modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs). See also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

III.

For the foregoing reasons, the court dismisses the complaint without prejudice as frivolous, pursuant to 28 U.S.C.§ 1915A(b)(1), and denies as moot plaintiff's motions to proceed in forma pauperis and for the appointment of counsel.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 22nd day of February, 2011.

*/s/ James C. Turk*
Senior United States District Judge